**Elaine H. PIKE, Plaintiff,**

v.

**Louis CALDERA, Secretary of the Army, Defendant.**

**No. IP 98–0204–C–T/G.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 7, 1999.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Richard L. Darst, Mantel Cohen Garelick & Reiswerg, Indianapolis, IN, for plaintiff.

Sue Hendricks Bailey, Office of the U.S. Attorney, Indianapolis, IN, for defendant.

## ENTRY DISCUSSING PENDING MOTIONS TO STRIKE AND MOTIONS FOR LEAVE

TINDER, District Judge.

### I. Introduction

This Entry rules on the majority of the pending motions to strike and both of the pending motions for leave. Each of the motions relate in some way to the proper interpretation and application of Southern District of Indiana Local Rule 56.1 ("Local Rule 56.1" or "L.R. 56.1"), as amended December 17, 1998.[1] In this case, the parties have engaged in extensive and time-consuming satellite litigation over various portions of the amended rule; in this Entry, the court discusses these portions of the rule in the hopes that it will help prevent such satellite litigation in the future.

A central purpose of the amended rule is to focus the court on the plainly stated facts to allow a prompt and fair determination of whether there are undisputed facts which lead to a conclusive legal result. In other words, the rule is designed to aid the court in making what is often the most crucial determination in resolving motions for summary judgment: whether there exists a genuine issue of material fact. In preparing their submissions under the rule, the parties should be forced to analyze their cases and define the issues with precision—a process which should benefit both the court and the parties. As the undersigned has stated more generally: "The local rules are framed to present arguments and evidence to the court in the most specific, efficient manner reasonable." *Waldridge v. American Hoechst Corp.,* No. TH 90–79–C, 1992 WL 612252, at *6 (S.D.Ind. Oct. 6, 1992), *aff'd,* 24 F.3d 918 (7th Cir.1994). In other words, we do not have rules just to have rules—we do it with the aspiration of achieving quicker and more direct answers to the questions presented in the summary judgment process.

Based upon a few early examples in this court, the process enunciated in L.R. 56.1 has been a disappointment to the court's efforts to streamline the summary judgment process. Later in this Entry, the court will discuss some of the reasons for this. But first, the court sets forth a brief summary of the procedural history surrounding the summary judgment motion filed in the instant case. This summary should provide a glimpse of how far this case has strayed from the revised rule's goal of streamlining the summary judgment process—bear in mind that the underlying facts of this case involve a claim of discrimination and retaliation in what is in essence a single hiring decision.

### II. Procedural History[2]

On November 30, 1998, Defendant filed "Defendant's Motion to Dismiss, in Part, and Motion for Summary Judgment." Included

1. The amended Local Rule 56.1 is set out in its entirety as an appendix to this Entry. It is effective as to any motions for summary judgment filed on or after January 1, 1999.
The court notes that this discussion relates only to proceedings before this judge, and does not necessarily reflect the views of the other judges in the Southern District.

2. As columnist Dave Barry (*Miami Herald*) might say, I am not making this up.

within Defendant's brief in support of his Motion is a seven-page "Statement of Material Facts." The Statement contains 34 paragraphs, each supported by a citation to evidence.

On February 22, 1999, Plaintiff filed her opposition brief to the Motion, as well as "Plaintiff's Response to Defendant's Statement of Material Facts," "Plaintiff's Statement of Additional Facts" and a "Statement of Genuine Issues of Material Fact." The Response to Defendant's Statement of Material Facts and Statement of Additional Facts consumes 30 pages and consists of 137 paragraphs.

On April 20, 1999, the Defendant filed his reply brief and a Motion to Strike 80 paragraphs of Plaintiff's Response to Defendant's Statement of Material Facts ("Motion to Strike I"). He also filed "Defendant's Reply to Plaintiff's Response to Defendant's Statement of Material Facts" which consumes 56 pages and 145 paragraphs.

On May 3, 1999, Plaintiff filed a surreply brief, accompanied by "Plaintiff's Motion to Strike Defendant's Exhibits Submitted with Reply Brief" ("Motion to Strike II") and "Plaintiff's Motion to Strike Defendant's Reply to Plaintiff's Response to Defendant's Statement of Material Facts or in the Alternative Motion for Extension of Time to Add Surreplies to Each Statement of Fact" ("Motion to Strike III").

On May 24, 1999, Defendant filed "Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Strike," "Defendant's Opposition to Plaintiff's Motion to Strike Defendant's Reply to Plaintiff's Response to Defendant's Statement of Material Facts," "Defendant's Opposition to Plaintiff's Motion to Strike Defendant's Exhibits Submitted with Reply Brief," "Defendant's Motion to Strike Plaintiff's Exhibits 5, 6 and 7 Submitted with Her Surreply Brief" ("Motion to Strike IV"), and "Defendant's Motion for Leave to File Replies to Plaintiff's Responses to Defendant's Statement of Material Facts."

On June 3, 1999, Plaintiff filed "Plaintiff's Surreply in Opposition to Defendant's Motion to Strike," "Plaintiff's Reply in Support of Motion to Strike Defendant's Reply to Plaintiff's Response to Defendant's Statement of Material Facts," "Plaintiff's Reply in Support of Motion to Strike Defendant's Exhibits Submitted with Reply Brief," "Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Exhibits 5, 6 and 7 Submitted with Her Surreply Brief," and "Plaintiff's Opposition to Defendant's Motion for Leave to File Replies to Plaintiff's Responses to Defendant's Statement of Material Facts."

On June 14, 1999, Defendant filed "Defendant's Motion to Strike Plaintiff's Surreply in Opposition to Defendant's Motion to Strike" ("Motion to Strike V"), "Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Exhibits 5, 6 and 7 Submitted with Her Surreply Brief," and "Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Leave to File Replies to Plaintiff's Responses to Defendant's Statement of Material Facts."

On June 21, 1999, Plaintiff filed "Plaintiff's Motion for Leave to File Plaintiff's Surreply in Opposition to Defendant's Motion to Strike" and "Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Surreply in Opposition to Defendant's Motion to Strike."

On July 6, 1999, Defendant filed "Defendant's Reply to Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Surreply in Opposition to Defendant's Motion to Strike and Defendant's Opposition to Plaintiff's Motion for Leave to File Plaintiff's Surreply in Opposition to Defendant's Motion to Strike."

On July 9, 1999, Plaintiff filed "Plaintiff's Reply Memorandum in Support of Motion for Leave to File Plaintiff's Surreply in Opposition to Defendant's Motion to Strike."

## III. Discussion

In the five motions to strike, the parties raise numerous issues concerning practice under L.R. 56.1 which are either ambiguous or not addressed in the text of the revised rule. These ambiguities and omissions appear to have caused problems for practitioners and pro se litigants[3] attempting to apply

3. The local rules apply equally to both lawyers and litigants who represent themselves. Herein-

after, general references to "practitioners" or "lawyers" should be understood to apply equally

the revised rule; but the ambiguities and omissions cannot be blamed for many of the early problems that have plagued the L.R. 56.1 submissions in this case and others. Instead, the problems appear to be due to some fundamental misapplications of the clear language of the rule. First the court will address three basic principles of L.R. 56.1(f) submissions[4] that appear to have given even able practitioners difficulties in this case.[5] Next, the court will turn to the specifics of the motions to strike.

## A. Basic Principles of L.R. 56.1(f) Submissions[6]

The court will address three basic principles of L.R. 56.1(f) submissions: (1) L.R. 56.1(f) submissions must be in the appropriate form; (2) arguments belong in briefs rather than L.R. 56.1(f) submissions; and, (3) L.R. 56.1(f) submissions should contain only "potentially outcome determinative" facts. These are certainly not the only "basic principles" that could be gleaned from L.R. 56.1(f), but they are relevant to the submissions in this case.

### 1. All submissions in the form required by L.R. 56.1(f) should "consist of concise, numbered sentences with the contents of each sentence limited as far as practicable to a single factual proposition."

Ideally under the revised L.R. 56.1, the material facts are laid out, one-by-one, stripped of argument. After the opposing party responds, the court should be able to immediately see precisely which facts are contested and which are not. The court can examine the specific evidentiary citations to determine if the evidence supports the statements of fact and if the factual disputes are genuine. Then the court can examine the law and the parties' arguments to determine whether the factual disputes are material and whether summary judgment should be granted or denied.

Of course, the court knew in revising the rule that the ideal would not always be achieved. For example, the court assumed that there could be some grey area as to what exactly constitutes a "single factual proposition." However, the court was not expecting the kinds of problems that parties have been having in their submissions.

An example of the subtle difficulty in limiting facts to a "single factual proposition" can be seen in the seventh entry of Defendant's Statement of Material Facts:

7. Because of conflicts between two lower level supervisors, the commander over the vacant position, Lieutenant Colonel (LTC) David J. Desimone, made himself the selection authority for the announced position. [Citation to evidence].

This is a fairly short, simple statement of fact, but it contains a few different factual

---

to litigants who represent themselves as well as lawyers.

4. Local Rule 56.1(f) states the requirements for the Statement of Material Facts, the Response To Statement Of Material Facts, the Reply To Additional Material Facts, as well as supplements to these documents authorized under L.R. 56.1(d). Hereinafter, "L.R. 56.1(f) submissions" refers to documents meeting these requirements.

5. The court chose to discuss these matters in the context of this case because it presents a sampling of the types of submissions the undersigned has been receiving under the revised rule—some submissions have been better and some have been worse.

Throughout this Entry, the court refers to specific examples in order to illustrate its points. Selection of an example should not be seen as an attempt to impugn the attorney who submitted it. Both attorneys involved in this case are guilty of most of the errors discussed herein. But also,

both attorneys are very talented and experienced litigators. Indeed, it was, in part, because these lawyers are so able that this court felt this discussion was necessary; if these lawyers make these mistakes, then any lawyer could.

6. The threshold principle of revised Local Rule 56.1 is its effective date. In the words of the revised rule, it is "effective as to any motions for summary judgment filed on or after January 1, 1999." What this language means is that even if both the response and reply briefs are due in 1999, if the motion was filed in 1998, L.R. 56.1 does *not* apply. Such was the situation in this case, where Defendant filed the summary judgment motion on November 30, 1998. However, in all subsequent filings, both parties assumed (and implicitly agreed) that the revised version of L.R. 56.1 applied. The court will accept the parties' implicit agreement and operate under the assumption that the revised rule applies.

propositions: LTC Desimone was the commander over the vacant position; he made himself the selection authority for the announced position; his reason for making himself the selection authority was because of conflicts between two lower level supervisors. And a litigant could even break the sentence down into a greater number of discrete propositions.

As an acknowledgment of the difficulty in isolating a single factual proposition, L.R. 56.1(f)(1) states that "the contents of each sentence [must be] limited *as far as practicable* to a single factual proposition." *Id.* (emphasis added). The undersigned is hesitant to punish a litigant for the failure to truly isolate a *single* factual proposition, so long as it appears that the party made a good faith effort to comply. And if the opposing party genuinely disputes more than one factual proposition contained in the single statement, then the court would not punish that party for dividing its response into two or more sentences (each followed by citations to evidence), provided each sentence directly responds to a factual proposition embedded in the original statement. For example, if faced with the seventh entry of Defendant's Statement of Material Facts, the Plaintiff could be justified in splitting her response into three sentences, admitting or denying the three separate factual propositions identified by the court in the preceding paragraph.

■ However, what the Plaintiff actually did in response to the seventh entry of Defendant's Statement of Material Facts is far different. She states:

> Denied. The defendant removed Major Archuleta as the selecting official because he knew the unsatisfactory performance of Ms. Strode and told Lt. Col. Bennett and Lt. Col. Desimone. Major Archuleta was the supervisor of the vacant position and the normal selecting official. [Citation to evidence]. He informed Lt. Col. Bennett and others that Ms. Strode was not performing the job responsibilities satisfactorily and that she was not able to perform

the job. [Citation to evidence]. Lt. Col. Bennett wanted Ms. Strode to be selected anyway. [Citation to evidence]. Lt. Col. Bennett informed her commander Lt. Col. Desimone that Major Archuleta said Ms. Strode was not satisfactory. Lt. Col. Desimone removed Major Archuleta from the position of selecting authority. Lt. Col. Desimone appointed Lt. Col. Bennett as the selecting authority. [Citation to evidence]. Major Archuleta pointed out that Lt. Col. Bennett was biased and had written a recommendation for Ms. Strode. [Citation to evidence]. Lt. Col. Desimone knew that Lt. Col. Bennett had written a recommendation for Ms. Strode and Lt. Col. Desimone had refused. [Citation to evidence]. After Major Archuleta pointed out that Lt. Col. Bennett had recommended Ms. Strode, Lt. Col. Desimone removed Lt. Col. Bennett from the selecting authority position and appointed himself as selecting authority. Lt. Col. Desimone did not read any of the applications, and selected Ms. Strode based on the recommendation of another subordinate. [Citation to evidence].

First of all, it appears from the extensive narrative following the word, "Denied," that the Plaintiff does not actually deny the Defendant's seventh Statement of Material Fact; instead the Plaintiff appears to be elaborating on the Defendant's Statement, without ever controverting it. Then, the final sentence of the Plaintiff's narrative introduces a new topic, the *manner* in which Lt. Col. Desimone performed the selection, which is not responsive to the Defendant's Statement.[7]

■ More to the immediate topic, it is difficult to believe that in constructing this response (and numerous others of comparable length), the Plaintiff was making a good faith effort to comply with L.R. 56.1(f)(1)'s mandate to make the response "consist of [a] concise, numbered sentence[ ] with the contents of [the] sentence limited as far as prac-

---

7. If a nonmovant wishes to make a factual statement that does not respond directly to the movant's Statement of Material Fact, the nonmovant should *not* present that factual statement as a response to the movant's Statement of Material

Facts; instead, it belongs in the nonmovant's Statement of Additional Material Facts. *See* L.R. 56.1(c)(1). See also the discussion of Motion to Strike IV, *infra* (discussing the meaning of the word "respond" in L.R. 56.1).

ticable to a single factual proposition." The Plaintiff instead seems motivated by the desire to tell a (sometimes lengthy) narrative of her version of the facts. The Defendant does not object to this form, perhaps because his responses to the Plaintiff's Statement of Additional Facts often are equally as long and argumentative. If a party seeks to present a narrative version of the facts, that should be done in the brief.[8] But it is improper to do so in a L.R. 56.1(f) submission. Submissions consisting of numbered *paragraphs,* rather than *sentences,* provide an immediate indication that the litigant has, in all likelihood, incorrectly applied the rule.

Being diligent in meeting the requirement of limiting statements, responses and replies to concise sentences limited to single factual propositions can help the practitioner accomplish the second "principle" discussed below: placing statements of argument in the brief. When forced to distill a factual scenario into discrete units, each directly supported by admissible evidence, the practitioner should be steered away from cluttering the L.R. 56.1(f) submission with argument.

## 2. Statements of argument belong in the brief.

All submissions required to comply with L.R. 56.1(f), such as the Statement of Material Facts, Response to Statement of Material Facts, and Reply to Additional Material Facts, should contain concise statements of fact, not extended statements of argument. Local Rule 56.1 was not revised for the purpose of extending the page limits in which a litigant may argue the merits of a summary judgment motion. Furthermore, inclusion of argument in a statement of fact complicates what should be a simple (or at least straightforward) process.

The difference between "fact" and "argument" can often be far from obvious. This Entry does not purport to resolve such a debate.[9] However, factual *inferences* do not constitute an appropriate inclusion in a L.R. 56.1(f) statement of fact. An inference is defined as "[t]he act or process of ... deriving a conclusion from facts...." Webster's II New Riverside Dictionary 627 (Houghton Mifflin Company 1984). On summary judgment, one of the court's jobs is to view all reasonable inferences in the light most favorable to the nonmovant. But before the court can make an inference, or "deriv[e] a conclusion from facts," it must have a clear picture of the facts. Enabling the court to efficiently and fairly determine the facts (and identify disputes of fact) is one purpose of requiring factual submissions to be in L.R. 56.1(f) form.

For instance, if the facts articulated by the movant in a Statement of Material Facts are in dispute, the nonmovant should easily be able to demonstrate that by reference to admissible evidence. If the movant's facts are not in dispute but do not lead to the conclusion claimed by the movant, that is a matter for argument in the nonmovant's brief.

A few specific examples should help illustrate this point. The Defendant's first entry in his Statement of Material Facts is a simple one:

> 1. Plaintiff is employed by the Department of Defense Finance and Accounting Service, Indianapolis, Indiana, as an Office Services Assistant, GS–05. [Citation to evidence].[10]

The Plaintiff responds:

> Admitted. Defendant only tells part of the facts. Defendant does not tell the facts in the light most favorable to the non-moving party, Ms. Pike. In addition to the GS–5

---

8. The court notes that a narrative factual statement in the brief does not satisfy a litigant's requirement under L.R. 56.1. Moreover, there is a page limit for briefs that can be extended only for "extraordinary and compelling reasons." L.R. 7.1(b). Finally, as a general matter, shorter submissions are better.

9. For a helpful discussion of what is a "fact" for summary judgment purposes and how courts

identify issues of fact, see William W. Schwarzer, et al., The Analysis and Decision of Summary Judgment Motions 13–37 (Federal Judicial Center 1991).

10. The court notes that this background fact is not "material" in the way in which the term should be applied to L.R. 56.1. See the discussion in the next section of this Entry.

position mentioned by the defendant, plaintiff had achieved the position of GS–7 before the Fort Benjamin Harrison base closure, which caused her and other employees to take available jobs at lower grades. [Citation to evidence].

The Plaintiff's response should have stopped after "Admitted." The next two sentences of the response consists of argument. The third sentence contains a separate factual proposition, not responsive as the court understands the term to be used in L.R. 56.1.[11]

■ In the case of an admission, such as set out above, generally no additional writing should follow[12]—if there is to be any discussion of an admitted fact, the appropriate place for that would be in the brief. If, as in this case, a nonmovant has a related material fact which it wishes the court to consider, it should include the statement of fact in the nonmovant's Statement of Additional Material Facts. Indeed, the court notes that the fact that the Plaintiff "had achieved the position of GS–7" in the past was included in her Statement of Additional Material Facts. Therefore, her inclusion of the fact in this response was also needlessly duplicative.

The Defendant's second entry in his Statement of Material Facts is again a seemingly simple fact:

2. On July 26, 1996, the U.S. Army Health Care Recruiting Team in Indianapolis announced a job vacancy for Military Personnel Technician, GS–05 developmental to GS–07. [Citation to evidence].

The Plaintiff responds:

Admitted. In addition, before the Army announced the job vacancy, the Lt. Col. Bennett and her subordinates and commander preselected young African–American Therese Strode, GS–04 to perform responsibilities of the job. Such positions had previously been announced at the GS–7 level. This position was announced at the GS–5 developmental to GS–7 level in order to allow the young African–American to be selected for the position. The vacancy announcement job description was also limited to experience in the office in order to tailor them to Ms. Strode. See additional facts cited below.

Once again, the Plaintiff launches into argument. It is possible that some of these statements could be properly characterized as facts, had the Plaintiff substantiated her factual assertions with specific citations to evidence. The rule provides, "[e]ach stated material fact (whether presented as an additional material fact or relied upon to dispute an opponent's stated material fact) ... *must* be substantiated by specific citation to the materials filed previously or under L.R. 56.1(b)(2), (c)(2) and/or (d)." L.R. 56.1(f)(2) (emphasis added). The vague statement, "[s]ee additional facts cited below" is wholly inadequate—especially when there are hundreds of citations "below." Unfortunately, the Plaintiff repeats the phrase, "[s]ee additional facts cited below," 24 times in her Response to the Defendant's 34–paragraph Statement of Material Facts.

Defendant's sixth entry in his Statement of Material Facts borders on argument by inclusion of the word "even":

6. Plaintiff was even allowed to supplement her application by submitting additional statements beyond the closing date listed in the announcement.

Plaintiff responds with far greater argument:

Plaintiff denies the defendant's implication that it was doing her a favor to let her submit additional statements beyond the closing date listed in the announcement. The vacancy announcement was not posted widely ... in order to limit the applications. It was posted elsewhere by Major Archuleta who was interested in obtaining more candidates, and Ms. Pike was given less than a day to submit an application. [Citation to evidence]. There was no reasons [sic] that Ms. Pike should not have been allowed to supplement her application before the consideration of applications, but the Army treated her like it was doing her a favor to let her submit additional

---

11. See footnote 7.

12. A possible exception to this would be if the party objected to the admissibility of the opposing party's submission. See the discussion in connection with the Motion to Strike I, *infra.*

information when it had not timely posted the announcement. See additional facts cited below.

Plaintiff's argumentative responses continue throughout the Response to Statement of Material Facts.

Defendant also was not immune, from engaging in argument in his L.R. 56.1(f) submissions. For example, in Defendant's Reply Facts, he states:

145. Elaine Pike sent a memorandum, dated September 18, 1996, to Diane Hibbs, filing a "grievance" over the first selection process.... Nowhere in Pike's two page memorandum ... does Pike state that the first selection process was a result of race and age discrimination. Further, although she complains about these personnel irregularities, she does not request that the vacancy announcement be withdrawn and rewritten nor does she requests [sic] that it be more widely posted. Had she been so concerned about these irregularities, one would think that this would [be] part of the relief she requested. Further, she did not requests [sic] that the applicants be interviewed. Rather, she only asks that COL Benedict and MAJ Archuleta "be allowed to examine the submitted packets and make a fair and impartial decision." [Citation to evidence].

Suffice it to say that if a lawyer begins writing, "Had she been so concerned about ..., one would think that ...," it can be assumed that argument is underway, rather than the statement of a single factual proposition.

Of course, engaging in argument constitutes much of what lawyers do. The point is that in summary judgment motions governed by revised L.R. 56.1, factual arguments, such as statements about the proper conclusions to draw from the facts or comments upon the facts, belong in the brief.

**3. Only potentially outcome determinative facts should be included in any L.R. 56.1(f) submission.**

■ Submissions required to comply with L.R. 56.1(f) should contain only material

facts. *See* L.R. 56.1(f); *see also* Fed.R.Civ.P. 56(c). If a party wishes to include facts that are not material, such as background facts, they should be placed in a brief.

■ Neither Federal Rule of Civil Procedure 56 nor L.R. 56.1 defines "material." In the absence of a clear intention to give the term a new definition, however, the term should be understood as having the meaning recognized in prior Seventh Circuit decisions. Therefore, a "material" fact is a "potentially outcome determinative" fact. *See Jenkins v. Heintz*, 124 F.3d 824, 828 (7th Cir.1997); *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1396 (7th Cir.1997); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Not all of the statements contained in either party's L.R. 56.1(f) submissions are potentially outcome determinative. For example, both parties state facts about the present employment of individuals. (Def.'s Statement of Material Facts ¶ 1; Pl.'s Statement of Additional Facts ¶ 111.) The final hiring decision that forms the basis of the Second Amended Complaint occurred in September 1996. Facts concerning events occurring over two years after the hiring decision are not material. The court does not identify each and every statement included in the parties' L.R. 56.1(f) submissions that are not material.[13] Suffice to say that if the L.R. 56.1(f) submissions (excluding the Plaintiff's surreply submissions) consume 56 (largely single-spaced) pages, and the motion concerns only a single hiring decision, the parties should have serious doubts as to whether all of the included facts are truly material.

It should be noted, though, that the parties' approach to their L.R. 56.1 submissions is not unusual or unprecedented in summary judgment practice in this district. Even the preceding version of Local Rule 56.1 purported to limit the statement of facts to "material" ones. However, if there is such a thing as "custom and practice" in the procedural aspects of civil litigation, there was a long-

---

**13.** As discussed below, the court does not rule on the Defendant's numerous materiality objections in this Entry.

standing, unwritten, implicit, informal and unacknowledged custom and practice in this district of including facts in the movant's statement and the nonmovant's response which were not truly "material," but instead, which were background or contextual information which aided the court in understanding and appreciating the flavor of the case. Up to the time of the adoption of the revised rule, the court was rarely, if ever, critical of the inclusion of such extraneous information of that sort in a statement or a response. Generally the court, with the aid of well-written briefs, was able to sift through the uncontested facts and arrive at a determination of what was material and what was not. The undersigned is as culpable as anyone in condoning such a practice as existed under the previous rule.

However, as this case illustrates, the volume, size and expense of summary judgment litigation has grown to the extent that this court as a whole has determined to tighten down the requirements with respect to materiality in statements and responses. This is clearly specified in the revised Local Rule 56.1 and it is done with the hope of focusing the attention of the parties and the court on the critical material facts. Whether this will work remains to be seen.

### B. Motions to Strike

The three principles discussed above should be readily apparent from the revised rule, and observance of these would go a long way toward streamlining the summary judgment process. Five motions to strike have been filed, each raising questions about the proper application of L.R. 56.1, the answers to which are not so apparent from the rule. The major issues raised include: (1) where a party should object to the admissibility of the opposing party's evidence and the form of the opposing party's L.R. 56.1(f) submissions (see discussion of Motion to Strike I); (2) whether there are limitations on the volume or character of reply submissions (see discussion of Motion to Strike II); (3) whether, for each numbered sentence in a party's submission pursuant to L.R. 56.1(f), there should only be a single response by the opposing

party, or whether the original author of the sentence is allowed a reply (see discussion of Motion to Strike III); and, (4) how the word, "responds," should be defined as it is used in L.R. 56.1 to limit new evidence submitted on reply or surreply (see discussion of Motion to Strike IV).

At the outset, the court notes that it will not strike a party's submission so long as the party has adopted a *reasonable* interpretation of L.R. 56.1, regardless of whether the court shares that interpretation.

### 1. Motion to Strike I: "Defendant's Motion to Strike" (Filed April 20, 1999)

In Motion to Strike I, Defendant moves to strike 80 paragraphs[14] of Plaintiff's Response to Defendant's Statement of Material Facts. The grounds for the objection to the vast majority of these paragraphs is immateriality. Analyzing this ground, as well as the others in Motion to Strike I, requires a thorough discussion of the facts and law applicable to the summary judgment motion; therefore the court will rule on these specific objections at the time it rules upon that motion.

However, the debate that ensued in the briefing of Motion to Strike I raises an important issue which is relevant to the subject of the present Entry: in light of L.R. 56.1, where, and how, should a party object to the admissibility of the opposing party's evidence and the form of the opposing party's L.R. 56.1(f) submissions?

When faced with that question in this case, the Defendant chose to state his objections both in his "Reply to Plaintiff's Response to Defendant's Statement of Material Facts" (and his "Response to Plaintiff's Statement of Additional Facts" therein) and in his Motion to Strike I. The text of his argument in support of Motion to Strike I is in the "Reply to Plaintiff's Response to Defendant's Statement of Material Facts," while the brief in support of Motion to Strike I contains the caselaw supporting his objections as well as a serial listing of all his objections.

14. In subsequent briefing, Defendant withdraws his objections to three of the 80 paragraphs.

The Plaintiff also objects to much of the Defendant's Statement of Material Facts, on the grounds that the Defendant does not present his fact statements in the light most favorable to the nonmovant. She makes her objections in her Response to Statement of Material Facts and in her summary judgment response brief. She did not file a motion to strike the responses.

Local Rule 56.1 does not state how a party should present objections to the opposing party's evidence and L.R. 56.1(f) submissions. The common (though unwritten) practice under the prior version of L.R. 56.1 was to object to the opposing party's evidence in a summary judgment brief and/or in a motion to strike. The undersigned does not express a preference between these two vehicles.[15] There is nothing magical about a motion to strike; an objection stated in the brief will receive the same consideration. However, in cases in which the briefing page limit becomes an issue, a motion to strike, unfortunately, provides a method of giving the lawyer more space to present his or her arguments, without having to seek leave of court.[16]

■ The undersigned reads the revised rule to say that the text of objections should not be included within L.R. 56.1(f) submissions. As quoted above, L.R. 56.1(f) states that submissions "must consist of concise, numbered sentences with the contents of each sentence limited as far as practicable to a single factual proposition." An objection clearly does not fit within that definition. Citations to caselaw and other legal authority (often necessary in making objections) even more clearly does not fit within L.R. 56.1(f). And mixing objections with responses tends to defeat the purpose of the revised rule; such intermixing forces the court to sift

through argument supporting (or opposing) the objections in a document that is intended to contain only a streamlined version of the material facts. But perhaps even worse, from a court's point-of-view, is to sprinkle the objections and supporting arguments throughout multiple documents, such as motions to strike, summary judgment briefs and L.R. 56.1(f) submissions. The court then must sift through even more material, searching for the objections and supporting argument in separate locations.[17]

The most efficient way for a court to consider and rule upon objections is to have them grouped in a single location, such as either a section of the party's summary judgment brief or a motion to strike. It may be helpful (though not required) for a practitioner to make a very brief notation in the L.R. 56.1(f) response/reply submission that the party is lodging an objection, and specifying the location of the discussion of the objection. Such a brief notation would alert the court to the presence of the objection, without cluttering the L.R. 56.1(f) submission with argument.

2. **Motion to Strike II: "Plaintiff's Motion to Strike Defendant's Exhibits Submitted with Reply Brief" (Filed May 3, 1999)**

In Motion to Strike II, Plaintiff moves to strike Defendant's Exhibits 11–19, which were submitted with his summary judgment reply brief, on the grounds that these exhibits are more voluminous than the exhibits submitted with Defendant's initial summary judgment brief. She contends that, "Local Rule 56.1 does not contemplate such extensive evidence on reply" and, as a policy matter, Defendant should not be permitted to

---

**15.** Except the undersigned does prefer that objections be made either in the brief *or* in a motion to strike, but not in *both*. And certainly objections should not be argued for a third time (as was done in this case) in a L.R. 56.1(f) submission. As a general rule, redundancy is unhelpful.

**16.** The undersigned does not endorse this implicit method of skirting the briefing page limitations. Perhaps this is a portion of the Local Rule which deserves some tightening.

**17.** While this may not sound like a difficult task, given the size of files in cases in which summary judgment is sought (which are now measured in feet rather than inches) and the number of cases like this pending on average in this district (numbering in hundreds rather than in dozens), it could be said that the court is being deluged in paper, and it just takes longer and longer to get through it. Even the simple job of moving a file from the Clerk's office to the judge's office is not for those restricted from heavy lifting.

adopt a tactic of "lying in wait" by offering evidence in reply that could have been offered with his initial brief.

Plaintiff makes a good point—waiting until rebuttal to produce evidence which should have been in the case-in-chief certainly would not be allowed as a trial tactic. But summary judgment is different. By the nature of Rule 56, the movant (assuming it does not have the burden of proof at trial) really does not have to produce much evidence, if any at all.[18] So perhaps that is why L.R. 56.1 is written in the way that it is regarding evidentiary submissions, as discussed below.

By its explicit terms, L.R. 56.1 allows for the submission of additional evidence accompanying a movant's reply brief: "At the time of filing its reply brief, the moving party may supplement its filing of admissible evidence under L.R. 56.1(b)(2) only to the extent such additional evidence responds to the opposing party's Response to Statement of Material Facts (or Additional Material Facts therein)." L.R. 56.1(d). The *sole* limitation on the movant's right to submit additional evidence (aside from the fact that the evidence must be admissible and the facts derived therefrom must be material) is that the new evidence must be *responsive* to the nonmovant's Response to Statement of Material Facts or Statement of Additional Material Facts.

 Contrary to Plaintiff's assertions, there is no limitation in L.R. 56.1 on the length or amount of the new evidentiary submissions, provided they are responsive; there is no requirement that a movant's submissions on reply be shorter than its initial submissions. Also contrary to Plaintiff's assertions, there is no requirement in L.R. 56.1 that a movant demonstrate it was unable to present its reply evidence at the time of filing the original summary judgment motion.

That being said, the rule clearly envisions that the parties' evidence will dwindle in volume as the stages of briefing progress. A review of the rule's briefing schedule demonstrates this point: the nonmovant is given 30 days to respond to the motion; the movant is then given 15 days to reply; and the nonmovant is then given only seven days to file a surreply, if appropriate. *See* L.R. 56.1(c), (d). The nonmovant is given a relatively large amount of time to respond to the initial motion, on the assumption that it will be the first occasion that the nonmovant has seen the assembled evidence, arguments and law which the movant contends warrants a grant of summary judgment. The movant is given half the time to reply because, although it is seeing the nonmovant's evidence, argument and law for the first time, the nonmovant's positions should not be wholly unexpected since they are posited in opposition to the movant's motion. Any new evidence filed by the movant on reply must respond to the nonmovant's Statement of Material Facts or Statement of Additional Material Facts.

---

18. Language in Rule 56(c) could be read to mean that the movant does not have the burden of producing evidence accompanying the summary judgment motion. *See* Fed.R.Civ.P. 56(c) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, *if any*, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (emphasis added). A discussion in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) also supports this view:

But we do not think the *Adickes* language quoted above should be construed to mean that the burden is on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof. Instead, as we have explained, the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.

Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence. It would surely defy common sense to hold that the District Court could have entered summary judgment *sua sponte* in favor of petitioner in the instant case, but that petitioner's filing of a motion requesting such a disposition precluded the District Court from ordering it. *Id.* at 325–26, 106 S.Ct. 2548 (citations omitted).

But the question of the movant's burden of production in the summary judgment process has been the subject of extensive debate in legal circles which this court cannot hope to conclusively resolve through this footnote. It is enough to say that the summary judgment process places the onus of production on the nonmovant.

In other words, after the nonmovant's response is filed, the issues should be fully framed—the "world" of evidence should be set; after that point, no new lines of attack or defense are permitted, and any subsequent briefs and evidence can only be responsive to previously filed evidence and argument. Consequently, the nonmovant is permitted only seven days to file a surreply because the surreply can only respond to the movant's new reply evidence (which, in turn, could only respond to the nonmovant's Response to Statement of Material Facts or Statement of Additional Material Facts) or to the movant's objections raised on reply. This pattern is similar to the pattern of direct-examination, cross-examination, re-direct-examination and re-cross-examination that is commonly employed in courtroom trial procedure.

But simply because the rule *envisions* that the parties' evidence will dwindle as the stages of briefing progress does not mean that the rule *mandates* such a result. Provided it responds to the nonmovant's Response to Statement of Material Facts or Statement of Additional Material Facts,[19] the movant's evidence on reply may be greater in volume than the movant's initial submission of evidence.

It is important to note that the extent and length of the movant's reply evidence is to some degree dependent on the nonmovant's response submissions. If the nonmovant isolates the evidence which it contends creates a genuine issue of material fact into only a few evidentiary submissions, then the movant will likely be quite constrained in the volume of any reply evidence. And remember, to defeat a summary judgment motion, the nonmovant need only demonstrate a single genuine issue of material fact.[20]

In this case, Defendant submitted a Statement of Material Facts consisting of 34 paragraphs. Plaintiff's Response to Statement of Material Facts admits only four of those paragraphs without explanation. In addition, Plaintiff submitted a "Statement of Additional Facts"[21] consisting of 103 paragraphs— three times the number of paragraphs Defendant submitted in support of his motion. Given the large number of factual assertions that Plaintiff is either claiming or contesting, it rings hollow for Plaintiff to move to strike *all* of the reply evidence offered by Defendant solely on the grounds that it is more voluminous than Defendant's original evidentiary submission.

Plaintiff argues that because the nonmovant has only seven days after service of the reply brief to file a surreply, "[o]bviously, the non-moving party does not have adequate opportunity to surreply to a reply when more evidence is submitted on a reply than on the motion itself." (Pl's Br. in Supp. of Mot. to Strike Def.'s Exs. Submitted with Reply Br. at 3.) As noted above, the theory behind the rule's seven-day time limit is that since all of the designated reply evidence is responsive to the response evidence submitted by the nonmovant, it should not be unexpected or time-consuming for the nonmovant to produce a reply.[22] In the extraordinary case in which more time is needed to produce a surreply, the proper action is to file a motion for extension of time as soon as possible. It is not proper to simply move to strike the entirety of the movant's reply evidence. The court notes that if Plaintiff had desired an

---

**19.** The meaning of the word "responds" in L.R. 56.1 is addressed in the discussion of Motion to Strike IV, *infra*.

**20.** This statement does not consider the issue of Rule 56(d), which provides that material facts can be found to "exist without substantial controversy" through the summary judgment process, thereby making them "deemed established" at trial. Fed.R.Civ.P. 56(d). This aspect of Rule 56(d) could explain why parties often submit large numbers of facts during the summary judgment process. However, Rule 56(d) findings only apply to "material"—that is, "potentially outcome determinative"—facts.

**21.** According to L.R. 56.1(c)(1)(B), this submission should be entitled "Statement of Additional Material Facts," rather than "Statement of Additional Facts."

**22.** It is this writer's impression that in adopting this portion of the Local Rule, the court anticipated that reply statements from nonmovants would be rare, and, if filed at all, brief and precise. Thus, seven days for the even more rare surreply statement seemed appropriate.

extension of time, she knew how to ask: both parties have made multiple requests for extensions of time during the briefing of the summary judgment motion and every request has been granted. That is not to say that such requests will be granted as a matter of course in the future, but here Plaintiff did not even try.

The court notes that Plaintiff does not argue that Defendant's reply evidence is not confined to responding to Plaintiff's response evidence; indeed, Plaintiff all but concedes that Defendant's reply evidence is responsive. (Pl.'s Reply in Supp. of Mot. to Strike Def.'s Exs. Submitted with Reply Br. at 2.) Instead, Plaintiff relies upon her "lying in wait" or "sandbagging"[23] argument. The court does not condone "lying in wait" or "sandbagging" litigation tactics, but given the volume of Plaintiff's response facts, the court does not find Defendant to have engaged in those tactics with his reply submissions. Motion to Strike II is **DENIED.**

**3. Motion to Strike III: "Plaintiff's Motion to Strike Defendant's Reply to Plaintiff's Response to Defendant's Statement of Material Facts or in the Alternative Motion for Extension of Time to Add Surreplies to Each Statement of Fact" (Filed May 3, 1999)**

Under L.R. 56.1, the movant must submit a Statement of Material Facts. The nonmovant must then file a Response to Statement of Material Facts, and, if applicable, a Statement of Additional Material Facts. If the nonmovant submits a Statement of Additional Material Facts, then the movant "may submit a separate Reply to Additional Material Facts ... that replies to each numbered sentence of those Additional Material Facts." L.R. 56.1(d). The issue in this Motion to Strike is whether the movant also may submit a reply to the nonmovant's Response to Statement of Material Facts that replies to each numbered response to the movant's original Statement of Material Facts. In other words, for each numbered sentence (or paragraph, in this case) in a party's L.R. 56.1(f) submission, should there only be a single response by the opposing party, or is the original author of the sentence allowed to reply in a L.R. 56.1(f) submission?

Plaintiff correctly states that the rule does not explicitly name a L.R. 56.1(f) reply submission other than the Reply to Additional Material Facts (which replies only to the Statement of Additional Facts). Defendant argues that such a reply is implicit in the rule. He notes that L.R. 56.1(d) provides for a reply brief, wherein the movant is permitted to reply to the legal and factual arguments of the opposing party. He continues:

> Local Rule 56[.1] does not constrain a party from replying to responses to material facts in the moving parties' reply brief. The fact that a reply to responses is included in each numbered material fact should not defeat the [Defendant]'s entitlement to reply to all [of the Plaintiff]'s arguments as well as her discussion of the facts as set forth in the responses to material facts.

(Def.'s Opp'n to Pl.'s Mot. to Strike Def.'s Reply to Pl.'s Resp. to Def.'s Statement of Material Facts at 2.)

The language in Defendant's argument belies the underlying assumption that Plaintiff is making "arguments as well as ... discussion of the facts" in her Response to Statement of Material Facts. As discussed above, it is not proper for the nonmovant to argue or discuss (as opposed to merely state) the facts in the Response to Statement of Material Facts. *See* L.R. 56.1(f)(1). Likewise, it is not proper for the movant to argue or discuss the facts in a reply submission

---

**23.** In this context, "sandbagging" is defined as a party intentionally withholding its best evidence and/or argument until the opposing party does not have an adequate opportunity to respond. *Cf. Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 741–42 (7th Cir.1999) ("[A]bsent an appellate waiver rule, a litigant might try to sandbag the district court by presenting for the first time on appeal arguments never raised below."); *Escobar v. O'Leary,* 943 F.2d 711, 716 (7th Cir.1991) (Posner, J., dissenting) ("Sandbagging occurs when a defendant raises an objection not made at trial, thereby depriving the trial judge of the opportunity to avoid making the mistake of which defendant later complains or to create a record on the issue."); Webster's Third New International Dictionary 2009 (Merriam–Webster Inc. 1986) (defining "sandbag," *inter alia,* as "to trap (another poker player) by checking a strong hand and then raising if he bets").

intended to conform to L.R. 56.1(f), even if the nonmovant argued or discussed the facts in the Response to Statement of Material Facts. With that misguided start, it is easy to understand how counsel ended up at loggerheads on this point. Nevertheless, while the Defendant may have an "entitlement" to respond to the Plaintiff's arguments, he is not entitled to do so in a submission that is required to comply with L.R. 56.1.

▆▆▆ The issue remains what form of reply is allowed under L.R. 56.1 after a party submits a numbered sentence and the opposing party responds. Local Rule 56.1(d) provides, in part:

> At the time of filing its reply brief, the moving party may supplement its filing of admissible evidence under L.R. 56.1(b)(2) only to the extent such additional evidence responds to the opposing party's Response to Statement of Material Facts (**or** Additional Material Facts therein) and in compliance with L.R. 56.1(f). In the event the moving party submits any additional evidence with its reply brief or a Reply to Additional Material Facts or objects to the admissibility of evidence cited in opposition to the motion, the party opposing the motion may file a surreply brief responding only to the moving party's new evidence and objections.... Otherwise evidence must not be filed on reply or following reply by either party without leave of Court.

L.R. 56.1(d) (emphasis added).

The meaning of the first above-quoted sentence depends upon how the word "or" is being used.[24] It appears "or" is being used to mean an alternative, such as "hot *or* cold." This definition of "or" gives the sentence the meaning that the moving party is permitted to file "additional evidence" that "responds" *either* to the opposing party's Response to Statement of Material Facts *or* to the opposing party's Statement of Additional Material Facts.

The alternative reading would be that "or" is being used to mean a synonymous or equivalent expression, such as "claustrophobia, *or* fear of enclosed places." In that case, the sentence would mean that the moving party is permitted to file "additional evidence" that "responds" *only* to the opposing party's Statement of Additional Material Facts. This alternative is not reasonable because the expressions connected by "or," Response to Statement of Material Facts and Statement of Additional Material Facts, are not truly synonymous. The Response to Statement of Material Facts contains more than just the Statement of Additional Facts; it also includes responses to the movant's Statement of Material Facts. *See* L.R. 56.1(c)(1). Therefore, the court concludes that the first above-quoted sentence from L.R. 56.1(d) means that the moving party is permitted to file additional evidence that responds to the opposing party's Response to Statement of Material Facts (exclusive of the Statement of Additional Material Facts).

This conclusion is further supported by the second above-quoted sentence from L.R. 56.1(d): "In the event the moving party submits any additional evidence with its reply brief *or* a Reply to Additional Material Facts ... the party opposing the motion may file a surreply brief responding only to the moving party's new evidence...." Here, the word "or" in the opening clause appears to be used to mean an alternative, such as "hot or cold," because of the lack of a comma or parenthetical before the word "or." That means the sentence assumes that the moving party has submitted "new evidence" *either* with the reply brief *or* with the Reply to Additional Material Facts.

In other words, the second above-quoted sentence indicates that accompanying the reply brief, the movant may submit new evidence without also submitting a Reply to Additional Material Facts. Once this conclusion is reached, it is a fair inference that the first above-quoted sentence means that the moving party is permitted to file "additional evidence" that "responds" *either* to the opposing party's Response to Statement of Material Facts *or* to the opposing party's State-

---

**24.** The parsing of short and seemingly simple words is not limited to the Executive Branch of the federal government.

ment of Additional Material Facts. It is only with this construction of the first above-quoted sentence that the most logical construction of the second above-quoted sentence is possible.

Therefore, at the time it submits the reply brief, a movant is allowed to submit new evidence which "responds" to that portion of the nonmovant's Response to Statement of Material Facts which precedes the Statement of Additional Material Facts.[25]

A related question is whether the nonmovant is permitted to submit new evidence with the surreply brief without leave of court.[26] Local Rule 56.1(d) provides that the nonmovant may submit a surreply brief "responding to the moving party's new evidence." The rule then states that "[o]therwise evidence must not be filed ... following reply by either party without leave of court." L.R. 56.1(d). A reasonable lawyer could believe that there would be no need for the word "otherwise," unless, under certain circumstances, a party is permitted to file evidence "following reply" without leave of court. The only submission allowed (without leave of court) following reply is the nonmovant's surreply brief. Furthermore, if the nonmovant is permitted to "respond to the moving party's new *evidence* " (as opposed to argument), then one could infer that the nonmovant is being given permission to file new evidence with which to support that response. Therefore it is reasonable to infer that a nonmovant is permitted to submit evidence with her surreply brief, so long as the evidence "respond[s] to the moving party's new evidence."[27]

So if factual replies and surreplies are allowed, the next question is, in what form should they be submitted? The rule gives proper names to only four documents: (1) the Statement of Material Facts (filed by the movant), (2) the Response to Statement of Material Facts (filed by the nonmovant and responding to each numbered sentence of the Statement of Material Facts), (3) the Statement of Additional Material Facts (included within the Response to Statement of Material Facts and setting forth numbered sentences that begin with the next number after the last numbered sentence in the Statement of Material Facts), and (4) the Reply to Additional Material Facts (filed by the movant and responding to each numbered sentence of the Statement of Additional Material Facts). Replies to the Response to Statement of Material Facts (as opposed to replies to the Statement of Additional Material Facts) and surreplies to the movant's reply evidence do not appear to fit within any of the four named documents.

Not only does L.R. 56.1 not name a document in which these submissions fit, a close look at L.R. 56.1(d) reveals that the rule does not even expressly require any surreply submissions to comply with the form stated in L.R. 56.1(f).[28] When the rule speaks of surreply submissions, it says "the party opposing the motion may file a surreply *brief*

---

**25.** However, the court notes that the result it has reached, as well as its method of reaching it, is not obvious from the face of the rule and could legitimately be challenged. The goal of L.R. 56.1 is not to confuse practitioners or force them to engage in rigorous exercises in order to parse its meaning. This also may be an area in which the court would do well to clarify the rule. But at the present time, both practitioners and judges must live with the rule as it is written.

**26.** This issue is not raised by the parties in the briefing accompanying Motion to Strike III, but it is raised by them in the briefing accompanying Motion to Strike IV. Because it is related to the previous discussion, the court addresses the issue here.

**27.** This is not the *only* reasonable interpretation of the rule, but so long as a party submits materials in reliance upon *a* reasonable interpretation

of L.R. 56.1, the undersigned will not strike the materials. Again, as with other ambiguities lurking within the rule, at some time in the future, the court may amend the rule to make it more clear.

**28.** Local rule 56.1(d) does expressly provide that all of the movant's supplemental evidence on reply be presented "in compliance with L.R. 56.1(f)."

The phrase, "in compliance with L.R. 56.1(f)" (located in the third sentence of L.R. 56.1(d)), did not appear in the rule at the time it first became effective; it was added in Spring 1999. The most recent version of the rule, as of the date of this Entry, is attached as an appendix to this Entry. The most recent version of the rule can always be obtained from the District Court Clerk's office or on the Internet at <http://www.insd.uscourts.gov>.

responding only to the moving party's new evidence." L.R. 56.1(d) (emphasis added). The actual language of the rule appears to suggest that the statements of fact derived from, and citations to, the evidentiary surreplies should be placed in the brief, rather than as a surreply to a numbered L.R. 56.1(f) Statement of Fact. Further, because the surreply submission is the only factual submission that the rule does not expressly require to be placed in L.R. 56.1(f) form, a reasonable practitioner could believe that the presentation of evidence on surreply need not be in L.R. 56.1(f) form. Therefore, if a party were to present such a submission in its brief, without using L.R. 56.1(f) form, this writer would not strike the new evidence.

 That being said, the court considers the far preferable practice would be to present any factual surreply as a supplemental Statement of Material Facts presented in L.R. 56.1(f) form.[29] Such a submission, while not in the actual language of the rule, is clearly within its spirit. One of the purposes of the revised rule is to enable the court to view each material fact directly juxtaposed with the opposing party's response. After examining each statement, and the supporting citation, the court should be in a position to efficiently and fairly determine what are the material facts (supported by admissible evidence) and whether they are genuinely in dispute. When factual responses and replies to statements of fact are scattered among the arguments in the briefs, instead of being placed in a supplemental statement of material facts in L.R. 56.1(f) form, then the court's job is much more difficult. In addition, it impairs the opposing party's ability to respond in a sequentially organized way.[30]

Having determined that factual replies and surreplies are permitted under L.R. 56.1 (provided they are responsive to the opposing party's new evidence), the court turns to one remaining issue with Motion to Strike III. Plaintiff argues that if Motion to Strike III is not granted, then she should be permitted an extension of time to add surreplies to each statement of fact.

In evaluating this argument, the court must consider whether Plaintiff has been afforded a full and fair opportunity to respond to Defendant's Reply to Plaintiff's Response to Defendant's Statement of Material Facts. Defendant's Reply consists of some statements of fact and a great deal of argument supporting the summary judgment motion and Motion to Strike I. Plaintiff chose not to respond to the Defendant's Reply with a surreply in L.R. 56.1(f) form. However, Plaintiff did file a 19–page surreply brief in opposition to the summary judgment motion, accompanied by a submission of new evidence. In the brief, Plaintiff addresses Defendant's Reply arguments and evidence. Plaintiff also filed a response brief and a surreply brief in opposition to Motion to Strike I, addressing the Defendant's arguments in support of Motion to Strike I. Between these three submissions, Plaintiff has been afforded a full and fair opportunity to respond to the statements of fact and argument in Defendant's Reply to Plaintiff's Response to Defendant's Statement of Material Facts.

The only right that Plaintiff was denied, was the "right" (to the extent that word is appropriate)[31] to submit her surreply facts in L.R. 56.1(f) form. There is nothing magical about a writing in L.R. 56.1(f) form; its primary function is to aid the court in efficiently and fairly isolating and analyzing the material facts in a summary judgment motion. But as should be apparent by this point, the parties' L.R. 56.1(f) submissions consist of so much argument, repetition and other extraneous matter, that their utility to the court is no different than if the material had been simply submitted within the parties' normal summary judgment briefs without regard to L.R. 56.1. Furthermore, the court considers all material properly submit-

---

29. Again, perhaps this portion of the Local Rule should be clarified to eliminate any ambiguity.

30. Although the opposing party's ability to respond is not *seriously* impaired—it effectively returns the parties to the situation that existed under the prior version of L.R. 56.1 (which did not prescribe any form for reply and surreply facts).

31. As discussed above, the rule is ambiguous as to whether the nonmovant's surreply submission can/must be in L.R. 56.1(f) form.

ted in a summary judgment brief or a motion to strike brief; Plaintiff will suffer no prejudice because her surreply submissions were not in L.R. 56.1(f) form. In other words, while the court would have preferred that the submissions were in L.R. 56.1(f) format, it is possible for the court to work through the submissions in their present form. Therefore, there is no need to add further delay in this case's summary judgment process.

In conclusion, Plaintiff's Motion to Strike III is **DENIED** and Defendant's Motion for Leave to File Replies to Plaintiff's Responses to Defendant's Statement of Material Facts is **DENIED** as moot; L.R. 56.1 allows replies to the nonmovant's Response to Statement of Material Facts. Finally, Plaintiff's Motion for Extension of Time to Add Surreplies to Each Statement of Fact is also **DENIED**; Plaintiff has had a full and fair opportunity to respond to Defendant's reply submissions.

### 4. Motion to Strike IV: "Defendant's Motion to Strike Plaintiff's Exhibits 5, 6 and 7 Submitted with Her Surreply Brief" (Filed May 24, 1999)

There is only one argument remaining to be addressed in Motion to Strike IV.[32] Defendant contends that Plaintiff's new evidence on surreply, Plaintiff's Exhibits 5, 6 and 7, should be stricken because it does not respond to new issues raised by Defendant in his reply. Defendant contends that Plaintiff's new evidence instead relates to issues previously raised by Plaintiff in her opposition to the summary judgment motion.

While there may be grounds to disagree with this writer's view of whether L.R. 56.1 authorizes nonmovants to submit *any* evidence on surreply (without leave of court), there can be no reasonable debate that if such surreply evidence is allowed, the evidence must "respond[ ] only. to the moving party's new evidence and objections." L.R. 56.1(d). This limitation should be familiar: on reply, the movant "may supplement its filing of admissible evidence ... only to the extent such additional evidence responds to the opposing party's Response to Statement of Material Facts (or Additional Material Facts therein)." *Id.*

In the discussion of Motion to Strike II, this court accepted Defendant's position that there is no limitation in L.R. 56.1 on the length or amount of a movant's new evidentiary submissions on reply, provided they are responsive; there is no requirement that a movant's submissions on reply be shorter than its initial submissions. The court also accepted Defendant's position that there is no requirement in L.R. 56.1 that a movant demonstrate it was unable to present his reply evidence at the time it originally filed the summary judgment motion.

But curiously, in Motion to Strike IV, Defendant advocates the same type of restriction that he *opposed* in Motion to Strike II; he says, "[I]n contradiction to the dictates of L.R. 56, Pike is now attempting to supplement her evidence to issues she previously raised in responding to the Army's summary judgment motion. This is outside the scope of the Local Rules." (Def.'s Mem. in Supp. of Mot. to Strike Pl.'s Exs. 5, 6 and 7 Submitted with Her Surreply Br. at 3.) The court reiterates that there is no requirement in L.R. 56.1 that any party demonstrate that he

---

**32.** In Motion to Strike IV, Defendant makes two contentions that have already been addressed in this Entry. Defendant first contends that L.R. 56.1 does not permit filing of additional evidence with the nonmovant's surreply brief without leave of court. In the discussion of Motion to Strike III, *supra,* the court found that a reasonable lawyer *could* infer from the rule that the nonmovant is permitted to submit new evidence with her surreply brief without leave of court, provided it responds to the moving party's new evidence submitted on reply. Regardless of whether the court would make a different inference, the court will not strike a party's submission if they relied upon a reasonable interpretation of L.R. 56.1.

Defendant also contends that even if Plaintiff is allowed to file new evidence on surreply, she erred in not submitting a supplemental Statement of Material Facts in L.R. 56.1(f) form. Again, the court has already discussed this issue, finding that a reasonable lawyer could infer from the text of the rule that there is no need to submit a supplemental Statement of Material Facts with the surreply brief. The court also noted that it finds the opposite inference to be the far better one, but once again, the court will not strike a party's submission if it relied upon a reasonable interpretation of L.R. 56.1.

was unable to present his or her reply or surreply evidence at the time he or she originally filed the L.R. 56.1(f) materials. The sole limitation on a nonmovant's right to submit additional evidence (aside from the fact that the evidence must be admissible and the facts derived therefrom must be material) is that the new evidence must be responsive to the movant's new evidence submitted on reply.

Once again though, the court emphasizes that the rule clearly envisions that the parties' evidence will dwindle in volume as the stages of briefing progress. There can be little dispute that filing evidence on reply or surreply which, both was available when the party made its first submission and supports a factual proposition made at the time of the party's first submission, is contrary to the spirit of the rule. It needlessly wastes time, and at its worst, it smacks of sandbagging. But to a degree, that tactic is, unfortunately, permitted by the structure L.R. 56.1. However, the rule is designed to negate the most unfair effect of sandbagging—preventing the opposing party from having the opportunity to respond. If the *movant* holds its best evidence (sandbagging or not) until the reply, L.R. 56.1 allows the nonmovant to fully respond to all of the new evidence on surreply. If the *nonmovant* holds its best evidence **(sandbagging or not)** for surreply, the movant can simply not "open the door" by not offering any new evidence on reply. So there are tactical risks to holding evidence as well. Finally, the court "may, in the interests of justice or for good cause, excuse failure to comply strictly with the terms of this rule." L.R. 56.1(j). Gamesmanship, such as sandbagging, is improper and has no place in the judicial system. *See, e.g., Dean v. Sullivan,* 118 F.3d 1170, 1172 (7th Cir. 1997). In another context, the Seventh Circuit has stated that the purpose of allowing surreplies "is for the full development of the respective cases of the litigants, and gamesmanship in getting the last word should have no part in it." *United States v. Portis,* 542 F.2d 414, 418 (7th Cir.1976).

Defendant presents an objection within the scope of L.R. 56.1 when he contends that Plaintiff's new surreply evidence does not respond to Defendant's new evidence submitted on reply. However, there is a fundamental difficulty in evaluating this objection: L.R. 56.1 does not define "responds" (or "responding") as the word is used to limit a party's reply/surreply evidentiary submissions. Further, the meaning is not intuitively obvious. "Responds" could be defined broadly (i.e., the new evidence must in any way touch upon the same general subject matter as the opposing party's evidence), or narrowly (i.e., the new evidence must directly refute the exact factual proposition posited by the opposing party's evidence), or somewhere in between those two extremes.

The context of L.R. 56.1 provides some guidance as to the proper meaning of "responds" in the rule. Any reasonable lawyer reading the rule should comprehend that "responds" is not meant to be defined broadly; otherwise the "responds" limitation would be virtually no limitation at all, and would be effectively superfluous. Other than that however, a practitioner has little guidance from the text of the rule.

The undersigned understands the word "responds" to have a fairly narrow meaning in L.R. 56.1. For example, Defendant moves to strike Plaintiff's surreply Exhibit 6. Exhibit 6 is a performance evaluation for Theresa Strode, the person who was hired for the job that is the subject of this lawsuit. The evaluation is dated April 23, 1997, and refers to work she performed "[s]ince [she] started [her] new position on September 30, 1996." It can be fairly characterized as critical of Ms. Strode's performance. Plaintiff offers the evaluation in response to Defendant's reply to Exhibits 13, 14, 15 and 17, to show that based upon the information before the selecting official, Ms. Strode appeared qualified for the position. (Pl.'s Opp'n to Def.'s Mot. to Strike Pl.'s Exs. 5, 6 and 7 Submitted with Her Surreply Br. at 6.)

 The final hiring decision for the position was made on September 28, 1996.[33]

---

**33.** In the seventeenth entry of the Statement of Material Facts, Defendant asserts (and supports with admissible evidence) that the final hiring

decision was made on September 28, 1996. Plaintiff denies this statement in her response, but only as to a subject matter apart from the

Therefore, Plaintiff is responding to Defendant's evidence that Ms. Strode appeared qualified for the job *at the time she applied* (and that the selecting official relied upon this evidence), with evidence that Ms. Strode performed the job poorly *after she was hired*. In the broadest sense, the performance evaluation "responds" to the Defendant's evidence; it concerns the same general topic, i.e., Ms. Strode's ability to perform the job in question. But this reading of "responds" is broader than can be reasonably drawn from L.R. 56.1. Defendant offered his reply to Exhibits 13, 14, 15 and 17 (principally, Ms. Strode's job application and a recommendation from a supervisor) for the proposition that the selecting official selected Ms. Strode because he believed she was qualified, rather than for some prohibited reason. The Defendant did not offer its evidence for the proposition that Ms. Strode was, in an objective sense, highly qualified for the position. Evidence offered on surreply or reply should respond to factual propositions *actually* made based upon the new evidence, rather than factual propositions that *could have been* made. Any other definition of "responds" is simply too broad for L.R. 56.1.

Therefore, using this definition, the performance evaluation (concerning Ms. Strode's performance after she received the job) does not "respond" to the Defendant's reply evidence showing that Ms. Strode appeared qualified for the job to a selecting official. Evidence that showed a selecting official would not think Ms. Strode was qualified for the job would be responsive. But it would be impossible for any selecting official to rely upon a performance evaluation that had not yet been written and concerned events that had not yet occurred. Therefore, Plaintiff's Exhibit 6, an evaluation of Ms. Strode's performance *after* she was hired for the job at issue, is not responsive to Defendant's Exhibits 13, 14, 15 and 17.

Defendant also moves to strike surreply Exhibit 7, Plaintiff's deposition, on the grounds that it does not respond to Defendant's new reply evidence. Among other propositions, Plaintiff relies upon her deposition for the proposition that she orally told Diane Hibbs, a civilian personnel official, that she believed the pre-selection of Ms. Strode was based upon race and age. (Pl.'s Surreply Br. in Opp'n to Def.'s Mot. to Dismiss, in Part, and Mot. for Summ. J. at 7; Pl.'s Ex. 7 at 88.) This evidence responds to Defendant's Reply Fact number 145 (set out in full in section III.A.2., *supra*), which states that Plaintiff sent a "grievance" memorandum to Ms. Hibbs and "[n]owhere in Pike's ... memorandum ... does Pike state that the first selection process was a result of race and age discrimination."

In this example, Plaintiff's deposition testimony does not "respond" in the narrowest sense because it does not directly contradict Defendant's statement that Plaintiff failed to mention race and age discrimination in her written memorandum. However, under a slightly broader meaning of the word, the testimony does "respond": it serves to negate Defendant's broader implication that Plaintiff did not communicate to Mr. Hibbs (in any manner) that Plaintiff believed she was the victim of race and age discrimination. In contrast to the above example, a practitioner could reasonably believe the definition of "responds" in L.R. 56.1 encompasses this meaning.[34]

■ Finally, Defendant moves to strike Plaintiff's surreply Exhibit 5, which is a memorandum written by Lieutenant Colonel Regina K. Bennett ("Lt. Col. Bennett") and dated February 10, 1997. The memorandum recounts a telephone conversation between Lt. Col. Bennett and Major Frank John Archuleta (Ms. Strode's current supervisor), in

date of the hiring decision. Therefore, the court assumes the date to be correct. *See* L.R. 56.1(g) ("[T]he Court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are *specifically controverted* in the Response to Statement of Material Facts ....") (emphasis added).

**34.** Defendant also moves to strike other portions of Plaintiff's Exhibit 7 (Plaintiff's deposition) on the grounds that the testimony is not material to the summary judgment motion. Because a determination of this issue involves a thorough discussion of the merits of the summary judgment motion, the court will defer addressing the issue until it rules upon that motion.

which Lt. Col. Bennett voided a disciplinary order given by Major Archuleta to Ms. Strode. Lt. Col. Bennett also ordered Major Archuleta not to take disciplinary action against Ms. Strode without first discussing the action "with the chain of command." Plaintiff offers this Exhibit in response to Lt. Col. Bennett's Affidavit, which indicates that Lt. Col. Bennett did not influence either of the selecting officials in their hiring decisions. (Def.'s Ex. 14.) Plaintiff contends that Plaintiff's Exhibit 5 shows that Lt. Col. Bennett "had much to do with operating the command and that she personally interceded in favor of Ms. Strode when Ms. Strode's performance was poor." (Pl.'s Opp'n to Def.'s Mot. to Strike Pl.'s Exs. 5, 6 and 7 Submitted with Her Surreply Br. at 6.)

Assuming the memorandum shows that Lt. Col. Bennett is biased in favor of Ms. Strode and is willing intercede in her favor,[35] it "responds" to Defendant's new evidence only in a very broad sense of the word. The events detailed in the memorandum do not relate to the hiring decision in any way, and involve events that occurred over four months after the final hiring decision. The memorandum also involves Lt. Col. Bennett interceding in Ms. Strode's favor *down* the chain of command (because Major Archuleta is a subordinate), whereas Defendant's evidence contends that she did not intercede *up* the chain (because the selecting officials were Lt. Col. Bennett's superiors).

 Indeed, the differences are so great that the memorandum, in essence, is effective only as an attempt to impeach Lt. Col. Bennett's Affidavit testimony. Impeachment evidence may be traditional "response" grounds for cross-examination at trial, but "responds" should be given a different construction when used in L.R. 56.1. Impeachment evidence is not sufficient to defeat a summary judgment motion. *See Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 406 (7th Cir.1998) ("At best, however, the conflicts in the stories would be fodder for impeachment if this case went to trial. But the prospect of challenging a witness' credibility is not alone enough to avoid summary judgment.") (citation omit-

ted). Therefore, a lawyer would not reasonably believe that "responds," as used in L.R. 56.1, encompasses such impeachment evidence.

A final point can be made about Plaintiff's Exhibit 5. It is offered in essence, to show that Lt. Col. Bennett was biased in Ms. Strode's favor and was willing to assist her. However, that fact is undisputed by Defendant. In Lt. Col. Bennett's Affidavit, she states that "I was not the selecting official because I had written a letter of recommendation [for Ms. Strode] and it would have been a conflict of interest." (Def.'s Ex. 14.) And *Defendant*'s Exhibit 13 is a copy of the glowing recommendation Lt. Col. Bennett wrote for Ms. Strode.

Could a lawyer reasonably interpret "responds," as used in L.R. 56.1, to include additional evidence which merely stands for the same proposition as the opposing party's submission of new evidence? The rule does not expressly state that "responds" may only include evidence which in some fashion controverts the opposing party's prior submission of new evidence. However, the rule also provides that: "[T]he Court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are specifically controverted in the Response to Statement of Material Facts . . . ." L.R. 56.1(g). Because of this provision, it is needless for a party to submit additional evidence to accomplish what is assumed without the evidence. Therefore, an attorney reading L.R. 56.1 would not reasonably believe that the definition of "responds" includes evidence which merely stands for the same proposition as the opposing party's submission of new evidence.

In conclusion, Motion to Strike IV is **GRANTED** as to Plaintiff's Exhibits 5 and 6. There is no ruling on Motion to Strike IV as to Plaintiff's Exhibit 7 because of the pending materiality objections.

---

**35.** This inference might or might not be reasonable; but that may be a subject for a subsequent ruling discussing the merits of the summary judgment motion.

5. **Motion to Strike V: "Defendant's Motion to Strike Plaintiff's Surreply in Opposition to Defendant's Motion to Strike" (Filed June 14, 1999)**

In Motion to Strike V, Defendant moves to strike Plaintiff's surreply brief to Defendant's Motion to Strike I. Local Rule 7.1 sets forth the general procedure for motions to strike in this court, and it does not provide for any briefing beyond the movant's reply. After Defendant filed Motion to Strike V, Plaintiff filed a motion for leave to file the surreply brief.

The surreply brief contains Plaintiff's most extensive response to Motion to Strike I. Plaintiff claims that the reason she did not file an appropriate response at the time she filed her response brief is that she felt sandbagged. Defendant's original brief filed with Motion to Strike I consists of only four pages and does not contain discussion of any specific objection. Instead it cursorily lists categories of objections. Then Defendant filed a 19–page reply brief to Motion to Strike I, setting forth his arguments in detail. Therefore, in looking solely at the briefs supporting Motion to Strike I, it is easy to see how Plaintiff felt sandbagged.

However, Defendant did fully set forth his objections at the time he originally filed Motion to Strike I: Defendant's four-page brief supporting Motion to Strike I incorporated by reference the Reply to Plaintiff's Response to Defendant's Statement of Material Facts, wherein each objection is individually discussed. But rather than respond to the arguments made in the Reply statement, Plaintiff filed Motion to Strike III, arguing that the Reply was outside the scope of L.R. 56.1. Motion to Strike III included a request for additional time to respond to Defendant's Reply if Motion to Strike III is denied. A month later, Plaintiff did respond to Defendant's arguments in support of Motion to Strike I in her Motion to Strike I surreply brief.

Plaintiff made a tactical decision to not fully respond to Motion to Strike I in her response brief, simply because she believed the arguments supporting the motion were placed in the wrong document. The undersigned recommends that generally a party opposing a motion should place *all* of its opposition arguments in the response brief. If the resolution of one issue in the opposing party's favor would obviate the need for the court to address the next issue, then the arguments can be presented in the alternative. But it can be a wasteful and possibly endless process for the opposing party to make one argument, wait for the court's ruling, and then if adverse, present its alternative arguments. In this case, however, Plaintiff eventually did set forth her arguments in opposition to Motion to Strike I in her surreply brief, without waiting for the court's ruling. Because of this, and because Plaintiff had a reasonable basis to support her position that L.R. 56.1 does not allow replies to L.R. 56.1(f) submissions (see discussion of Motion to Strike III, *supra* ), Plaintiff's Motion for Leave to File Plaintiff's Surreply in Opposition to Defendant's Motion to Strike is **GRANTED**, and Motion to Strike V is **DENIED**.

## IV. Conclusion

The requirements of revised L.R. 56.1 are not ends in themselves; they are the means to the end of achieving reasonably efficient, quick and fair resolutions to motions for summary judgment. Under the particular circumstances of a case, this end may not be best served by the requirements of L.R. 56.1; in which case, the court is empowered to excuse or relax the requirements. *See* L.R. 56.1(j). Further, the rule contains some ambiguities and leaves some unanswered questions about its application; over time, the court will endeavor to improve the rule. But even as the rule currently stands, the undersigned is of the opinion that the rule, properly applied, provides an effective means to achieve the desired end. To borrow the words of a commentator on Federal Rule of Civil Procedure 56:

> Properly used, summary judgment helps strip away the underbrush and lay bare the heart of the controversy between the parties. It can offer a fast track to a decision or at least substantially shorten the track. But proper use of the rule is the sine qua non of its utility.

William W. Schwarzer, et al., The Analysis and Decision of Summary Judgment Motions 8 (Federal Judicial Center 1991). Perhaps, as we work our way through various experiences under the new Local Rule, and adapt accordingly, we can achieve Judge Schwarzer's lofty goals.

The specific rulings made in this Entry are as follows:

Motion to Strike II is **DENIED.**

Motion to Strike III is **DENIED** and Defendant's Motion for Leave to File Replies to Plaintiff's Responses to Defendant's Statement of Material Facts is **DENIED** as moot. Plaintiff's Motion for Extension of Time to Add Surreplies to Each Statement of Fact is **DENIED.**

Motion to Strike IV is **GRANTED** as to Plaintiff's Exhibits 5 and 6.

Plaintiff's Motion for Leave to File Plaintiff's Surreply in Opposition to Defendant's Motion to Strike is **GRANTED**, and Motion to Strike V is **DENIED.**

There is no ruling on Motion to Strike I and Motion to Strike IV as to Plaintiff's Exhibit 7; the court will rule on those motions at the time it rules upon the summary judgment motion.

ALL OF WHICH IS ORDERED this 7th day of September 1999.

### Appendix

### L.R. 56.1—Summary Judgment Procedure

a. The briefing schedule in this rule applies to any motion for summary judgment, notwithstanding the provisions of Local Rule 7.1

b. A party filing a motion for summary judgment pursuant to Fed.R.Civ.P. 56 must also serve and file the following:

1. a separate Statement of Material Facts (either as a section of the brief or as a separate document), in compliance with L.R. 56.1(f), as to which the moving party contends there is no genuine issue and that entitles the moving party to a judgment as a matter of law;

2. to the extent not previously filed, any affidavits and other admissible evidence the moving party relies upon to support the facts material to the motion, including, but not limited to, portions of depositions and discovery responses; and

3. a supporting brief.

c. A party opposing a motion filed pursuant to Fed.R.Civ.P. 56 must, on or before the 30th day after service of the motion, serve and file the following:

1. a separate Response to Statement of Material Facts (either as a section of the brief or as a separate document) in compliance with L.R. 56.1(f) that contains (A) a response to each factual assertion in the moving party's Statement of Material Facts, and (B) if applicable, a separate Statement of Additional Material Facts that warrant a denial of summary judgment;

2. to the extent not previously filed, any additional affidavits and other admissible evidence to support material facts the opposing party relies upon under L.R. 56.1(b)(1), including, but not limited to, portions of depositions and discovery responses; and

3. an answer brief.

d. On or before the 15th day after service of an opposing party's answer brief, the moving party may serve and file a reply brief. If the opposing party has submitted a Statement of Additional Material Facts, the moving party may submit a separate Reply to Additional Material Facts (either as a section of the brief or as a separate document) on or before the due date for filing a reply brief that complies with L.R. 56.1(f) and that replies to each numbered sentence of those Additional Material Facts. At the time of filing its reply brief, the moving party may supplement its filing of admissible evidence under L.R. 56.1(b)(2) only to the extent such additional evidence responds to the opposing party's Response to Statement of Material Facts (or Additional Material Facts therein) and in compliance with L.R. 56.1(f). In the event the moving party submits any additional evidence with its reply brief or a Reply to Additional Material Facts or objects to the admissibility of evidence cited in opposition to the motion, the party opposing the motion may file a surreply brief responding only to

the moving party's new evidence and objections. Any surreply brief shall be filed no later than seven (7) days after service of the moving party's reply brief. Otherwise evidence must not be filed on reply or following reply by either party without leave of Court.

e. Any motion for summary judgment shall be filed at such a time as to be fully briefed 120 days before the trial date unless an earlier or later deadline is provided by order (see L.R. 16.1) or the case management plan. Because of the potential impact on the trial date, motions for extension of time to file summary judgment or to serve and file supporting or opposing submissions under L.R. 56.1(b), (c) and (d) must specify the trial date and any other subsequent schedule or date that the extension might affect and must recite any previous extensions of time obtained.

**f. Requirements For Statement of Material Facts, Response To Statement Of Material Facts, and Reply To Additional Material Facts.**

1. The Statement of Material Facts, the Response to Statement of Material Facts (which includes Additional Material Facts, if applicable) and a Reply to Additional Material Facts must consist of concise, numbered sentences with the contents of each sentence limited as far as practicable to a single factual proposition. Any Statement of Additional Material Facts must consist of numbered sentences and start with the next number after the last numbered sentence in the Statement of Material Facts. The Response to Statement of Material Facts and Reply to Additional Material Facts must be numbered to correspond with the sentence numbers in the respective Statement of Material Facts or Statement of Additional Material Facts.

2. Each stated material fact in a Statement of Material Facts, and each stated material fact (whether presented as an additional material fact or relied upon to dispute an opponent's stated material fact) in a Response to Statement of Material Facts (including if applicable Additional Material Facts) or a Reply to Additional Material Facts, must be substantiated by specific citation to the materials filed previously or under L.R. 56.1(b)(2), (c)(2) and/or (d). Such citation shall be by page and paragraph number, if possible.

g. In determining the motion for summary judgment, the Court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are specifically controverted in the Response to Statement of Material Facts filed in opposition to the motion, as supported by the depositions, discovery responses, affidavits and other admissible evidence on file. The Court will also assume for purposes of deciding the motion that any additional facts asserted by an opposing party are true to the extent they are supported by the depositions, discovery responses, affidavits or other admissible evidence.

h. All motions for summary judgment will be considered as submitted for ruling without oral argument or hearing unless a request for such is granted under L.R. 7.5 or the Court otherwise directs.

i. If a party is proceeding pro se and an opposing party files a motion for summary judgment, counsel for the moving party must submit a notice to the unrepresented opposing party that:

1. briefly and plainly states that a fact stated in the moving party's Statement of Material Facts and supported by admissible evidence will be accepted by the Court as true unless the opposing party cites specific admissible evidence contradicting that statement of a material fact; and

2. sets forth the full text of Fed.R.Civ.P. 56 and S.D.Ind. L.R. 56.1; and

3. otherwise complies with applicable case law regarding required notice to pro se litigants opposing summary judgment motions.

j. The Court may, in the interests of justice or for good cause, excuse failure to comply strictly with the terms of this rule.

Amendment enacted December 17, 1998, and effective as to any motions for summary judgment filed on or after January 1, 1999.